UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CARLA MCPHUN,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN HOME MORTGAGE ACCEPTANCE;<br>AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-2;<br>AMERICAN HOME MORTGAGE SECURITIES, LLC;<br>AMERICAN HOME MORTGAGE SERVICING, INC;<br>DEUTSCHE BANK NATIONAL TRUST COMPANY;<br>M & T TRUST COMPANY OF DELAWARE ASSOCIATION;<br>and<br>MORTGAGE ELECTRONIC REGISTRY SYSTEM,<br><br>    Defendants. | Civil Action No. TDC-14-3299 |

**MEMORANDUM ORDER**

On October 21, 2014, Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Mortgage Electronic Registry System ("MERS") removed this action from the Circuit Court of Montgomery County to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. ECF No. 1. In her Complaint, Plaintiff Carla McPhun seeks to quiet title to 16913 Harbour Town Drive, Silver Spring, Maryland, a property valued by the State of Maryland at $981,200.00 *see* Notice of Removal, Ex. A, as well as unspecified damages for state-law debt collection violations. The amount-in-controversy requirement of 28 U.S.C. § 1332 is therefore satisfied. The parties to this action, however, are not diverse. McPhun is a

Maryland resident.  Compl. ¶ 2, ECF No. 2.  A Maryland Department of Assessments and Taxation Charter Record Search indicates that Defendants American Home Mortgage Acceptance, Inc. ("American Mortgage Acceptance") and American Home Mortgage Servicing, Inc. ("American Mortgage Servicing"), were incorporated in Maryland.  *See* American Mortgage Acceptance's Articles of Incorporation and American Mortgage Servicing's Articles of Revival, *available at* http://sdat.resiusa.org/UCC-Charter/Pages/CharterSearch/default.aspx.[1]  American Mortgage Acceptance and American Mortgage Servicing are therefore citizens of Maryland for diversity purposes.[2]  28 U.S.C. § 1332(c)(1).  For a federal court to have original jurisdiction under 28 U.S.C. § 1332, complete diversity is required, meaning that no party on one side of a suit can be a citizen of the same state as a party on the other side.  *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005).  Because this requirement is not satisfied, this Court would not have subject-matter jurisdiction over this case.

In the Notice of Removal, Deutsche Bank and MERS assert that this Court need not consider the citizenship of American Mortgage Acceptance and American Mortgage Servicing because they have declared bankruptcy so are "no longer in business."  Notice of Removal ¶ 4.  American Mortgage Acceptance and American Mortgage Servicing declared bankruptcy in 2007.  Suggestion of Bankruptcy, ECF No. 15.  Those proceedings are ongoing, as part of a consolidated case with the parent company, American Home Mortgage Holdings, Inc.  *See In re:*

---

[1] The Court takes judicial notice of these public records pursuant to Fed. R. Evid. 201(b)(2).

[2] As for the other Defendants, Deutsche Bank is incorporated in New York and has its principal place of business in California.  Notice of Removal ¶ 5.  MERS is incorporated in Delaware and has its principal place of business in Virginia.  *Id.*  M & T Trust Company of Delaware Association ("M & T Bank") is incorporated and has its principal place of business in New York.  *Id.*  The Court could not find, and none of the parties provided, incorporation or principal place of business information for American Home Mortgage Investment Trust 2005-2 or American Home Mortgage Securities, LLC.

*American Home Mortgage Holdings, Inc., et al.*, No. 07-11047 (Bankr. D. De. 2007). However, both American Mortgage Acceptance and American Mortgage Servicing are currently active corporations and in good standing, though American Mortgage Servicing has since been renamed Homeward Residential, Inc. *See* Maryland Department of Assessments and Taxation Charter Record Search. Because American Mortgage Acceptance and American Mortgage Servicing remain active corporations, they are still subject to suit. *See* Md. Code, Corporations and Associations, § 3-503(d) (establishing that the "powers conferred by law on [a] corporation" are extinguished when the Maryland Department of Assessments and Taxation declares that the corporation's charter is "repealed, annulled, and forfeited").

Deutsche Bank and MERS allege, in the alternative, that "these entities have been fraudulently joined." Notice of Removal ¶ 4. To show that a non-diverse defendant has been fraudulently joined, a removing party must establish either that there has been "outright fraud in the plaintiff's pleading of jurisdictional facts," or that there is "*no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal citations and quotation marks omitted) (emphasis in original). This is a "heavy" burden: the removing parties must show that "the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* Because "a jurisdictional inquiry is not the appropriate stage of litigation to resolve . . . uncertain questions of law and fact," courts should "accept the parties joined on the face of the complaint unless joinder is clearly improper." *Id.* at 425.

Here, Deutsche Bank and MERS have offered no facts to support their allegation of fraudulent joinder. The corporate records establish that American Mortgage Acceptance and American Mortgage Servicing are indeed incorporated in Maryland. A review of the Complaint reveals that American Mortgage Acceptance and American Mortgage Servicing are central, not tangential, to the allegations. Specifically, they are alleged to have executed the deed on the property and to have been the original servicer on the mortgage, respectively. Compl. ¶11, 13. Among other allegations, McPhun asserts that American Mortgage Acceptance and American Mortgage Servicing made fraudulent misrepresentations to her, Compl. ¶¶ 35-36, and that they violated the Maryland Consumer Protection Act, a law that contains express provisions governing mortgage servicing. *See* Md. Code, Commercial Law § 13-316. Without evaluating the merits of McPhun's claims,[3] the Court finds no indication of fraudulent joinder. Thus, the Court lacks subject-matter jurisdiction over this case. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (stating that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists").

Accordingly, the Court hereby ORDERS that within 10 days of the date of this Order, Deutsche Bank and MERS show cause why this case should not be remanded to state court for lack of subject-matter jurisdiction.

Date: June 26, 2015

/s/
THEODORE D. CHUANG
United States District Judge

---

[3] The Court notes that McPhun's quiet title action, in which she alleges that Defendants' claim to her home is invalid because the deed to the property has been separated from the promissory note, relies on a "separation theory" that courts in this district have repeatedly rejected as a basis for invalidating mortgages. *See, e.g.*, *Parker v. Deutsche Bank Nat'l Trust Co.*, No. WMN-12-3358, 2013 WL 1390004, at *3 (D. Md. Apr. 3, 2013) (rejecting the separation theory because the "rights under the Deed of Trust follow the Note").